UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JEAN LEONARD TEGANYA, )<br>)<br>Defendant. )<br>) | Court No.: 17-cr-10292-FDS |

## JOINT MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and Local Rule 116.6, the United States of America and the defendant, Jean Leonard Teganya, hereby jointly request a protective order relating to certain discovery in this case. As grounds for this Motion, the parties submit the following:

## BACKGROUND

This case arose out of the defendant's claim for asylum in the United States. On August 3, 2014, facing removal from Canada, Teganya walked across the border into Houlton, Maine. He was intercepted by a United States Border Patrol officer and placed under arrest for illegally entering the United States. Teganya filed an asylum claim to remain in the country. During the asylum process, Teganya made several representations in his application and under oath during an immigration hearing regarding his activities during the 1994 genocide in Rwanda. A federal grand jury sitting in this district found those representations to be fraudulent, and returned a five-count indictment against Teganya charging him with visa fraud and perjury. For his part, the defendant claims all of his representations were accurate.

## **REQUEST FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal 16(d)(1) and Local Rule 116.6, the parties request that this Court issue a protective order to ensure the safety of certain fact witnesses. The parties are requesting a protective order that limits the disclosure of the identities of such witnesses, but still allows both the government and the defense the ability to engage in reasonable and effective investigative efforts and trial preparation. The protective order is necessary because several of the fact witnesses are located outside of the country and could face serious retaliation or physical harm if their cooperation with the United States or the defense is known.

The protective order is intended to cover statements of witnesses, reports of interviews, or any other document, evidence, or information that identifies, or that tends to identify, any witness of whom a party claims a legitimate interest in protecting the safety due to the witness's participation in the case.

The parties agree to the following terms of disclosures under the protective order:

- The government will provide unredacted discovery materials to the counsel for the defendant and any identified defense employees or investigators;

- Counsel for the defendant, its employees, and any identified defense investigators agree not to provide these unredacted discovery materials or to disclose the identity of any witnesses in the discovery materials, directly or indirectly, to the defendant or to anyone else in the United States or elsewhere;

- The government will provide redacted versions of the discovery materials to counsel for the defendant to be provided to the defendant;

- Within the next week, the defendant agrees to disclose the identities of witnesses that the defense intends to present at trial and any related discoverable statements;

- The government, federal law enforcement agents, and expert witnesses working on the prosecution's case agree not to disclose the identity of any person identified as a potential defense witness or member of the defense team, directly or indirectly, to any Rwandan government officials;

- As the investigation and trial preparation continue, the parties agree to provide notice to each other of the identities of any additional potential witnesses. The identities of

these additional witnesses shall not be disclosed to anyone else in the United States or elsewhere;

- Thirty days prior to the commencement of trial, counsel for the defendant will be permitted to disclose the identity of the government's witnesses to the defendant and to only those individuals necessary to responsibly defend the case.

The parties further request that once the case is concluded, the Court order the return or destruction of all witness identifying materials.

For the above reasons, the parties respectfully request that the Court grant this Motion for a protective order. A proposed protective order is submitted herewith.

Respectfully submitted,

| | |
|---|---|
| JEAN LEONARD TEGANYA<br>By his attorney, | ANDREW E. LELLING<br>UNITED STATES ATTORNEY |
| /s/ Scott Lauer<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>(617) 223-8061<br>Scott_lauer@fd.org | /s/ George P. Varghese<br>George P. Varghese<br>Scott L. Garland<br>Assistant United States Attorneys<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>george.varghese@usdoj.gov<br>scott.garland@usdoj.gov |

Dated: May 22, 2018

## Certificate of Service

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to counsel for Defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

By:   /s/ George P. Varghese
         GEORGE P. VARGHESE
         Assistant United States Attorney