UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JEAN LEONARD TEGANYA, )<br>)<br>Defendant. ) | Court No.: 17-cr-10292-FDS |

## PROTECTIVE ORDER

Upon consideration of the Joint Motion for a Protective Order relating to certain witness identifying discovery in this case (hereinafter referred to as the "discovery materials"), the Court finds as follows:

1. The parties have a reasonable and legitimate purpose in limiting the dissemination of discovery materials in this case in order to protect the safety of certain fact witnesses primarily located outside of the United States. This Protective Order is intended to limit the disclosure of the identities of such witnesses by restricting the dissemination of information that identifies, or reasonably tends to identify, such witnesses.

2. This Protective Order is also designed to allow the parties to engage in reasonable and effective investigative efforts and trial preparation.

3. This Protective Order is intended to cover statements of witnesses, reports of interviews, or other documents, evidence, or information that identifies, or that tends to identify, any witness in the case of whom a party claims a legitimate interest in protecting the safety due to the witness's participation in the case.

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** the following:

1. The government will provide defense counsel with a set of redacted discovery materials which does not disclose the identity of witnesses for purpose of production to the defendant as referenced in the paragraph above, and will provide a set of unredacted discovery materials identifying potential government witnesses for use by defense counsel consistent with this Order;

2. Defense counsel, its employees, and any independent investigators or experts retained by the defense, will not reproduce and will not disclose to any member of the public, media, the government of Rwanda, defense counsel in other cases, potential witnesses, the family of the defendant, the defendant, or anyone else the contents or copies of any of the unredacted discovery materials which discloses or tends to disclose the identity of specific witnesses who appear to have been present in Rwanda at the time of the 1994 genocide, and who the United States identifies as potential trial witnesses. This prohibition does not restrict the ability of the receiving party to utilize, for example, the reports of interviews and the substance of the information they contain, or to disclose such information, as long as the identities of potential government witness are not revealed or discernable through said use;

3. Defense counsel may disclose to the defendant redacted copies of the discovery materials in order to permit the defendant to assist in the preparation of his own defense and confront his accusers;

4. Defense counsel shall advise each of the persons who are provided access to information in the discovery materials as authorized by this Order, of the privacy and confidentiality of such information and his or her obligation not to disclose the information, and require such person to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information before such information is disclosed;

5. Defense counsel will not provide access to any discovery materials which can tend to disclose the identity of witnesses to anyone who has not signed this Order (and returned a signed acknowledgment of this Order to the government). Defense counsel's investigators and employees, who will have access to the discovery materials must also sign this Order;

6. Within a week of the signing of this Order, defense counsel will disclose the government the identities and related discoverable material of any witnesses it intends to present at trial;

7. The United States Attorney's Office, federal law enforcement agents, and any independent investigators or experts retained by the government, assisting in the prosecution of the defendant, will not disclose to Rwandan government officials the identities of any witnesses that the defense may present at trial or of the signatories to this Order. This prohibition does not restrict the ability of the receiving party to utilize the substance of the information they contain, or to disclose such information, as long as the identities of people identified as potential defense witnesses are not revealed or discernable through said use;

8. Counsel for the United States shall advise each person who is provided access to the identities of potential defense witnesses, as authorized by this Order, of the privacy and confidentiality of such information and his or her obligation not to disclose the information, and require any independent investigators or experts retained by the government to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information before such information is disclosed, except that a signed copy of this Order will be deemed to apply to any support or administrative staff working under the direction and supervision of the signer;

9. The parties will supplement their respective disclosures of potential trial witnesses on a rolling basis as new witnesses are identified;

10. Within thirty days prior to the commencement of trial, defense counsel will be permitted to disclose the identity of potential government witnesses to the defendant and to only those individuals necessary to responsibly defend the case. Such disclosures shall not include members of the media or any other individual or entity for which it is likely that the identity of these witnesses will be widely disclosed. In addition, defense counsel will instruct any recipient of witness' identities that they are not to further disclose such information, and shall keep a record of all those individuals to whom such information was disclosed. The receiving parties will further require that anyone to whom they disseminate this information must acknowledge, in writing, and abide by this Protective Order. The receiving party will take all steps, acting in good faith, to minimize disclosure of witness identity information and to minimize risk to the personal safety or well-being of any witness in this case.

11. Upon the termination of these proceedings (which extends to any appeal or collateral attack and any appeal therefrom continuing until the denial of any petition for the *writ of certiorari* by the United States Supreme Court, or the passage of time within which such a petition must be filed) all discovery materials provided by the government shall be returned to the United States Attorney's Office, or be destroyed and verify in writing to government counsel that such materials have been destroyed absent further court order to the contrary.

12. This Order is issued without prejudice to amendment either by this Court or the district court after giving the parties notice and an opportunity to be heard.

SO ORDERED, this 25th day of May, 2018.

                                          /s/ F. Dennis Saylor
                                          _____
                                          F. DENNIS SAYLOR IV, USDJ

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

      I hereby acknowledge that I have read the Protective Order entered in <u>United States v. Jean Leonard Teganya</u>, No. 17-cr-10292-FDS, and/or that I have had the terms of the Protective Order explained to me. I agree that the Order applies to me and that I am bound by, and will comply with, its terms.

_____
NAME

_____
DATE