UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Court No.: 17-CR-10292-FDS |
| v. | |
| JEAN LEONARD TEGANYA, | |
| Defendant. | |

**GOVERNMENT'S OPPOSITION TO MOTION TO
RELEASE DEFENDANT ON CONDITIONS**

This Court should affirm Magistrate Judge Bowler's ruling that Mr. Teganya should remain detained before trial and therefore should deny Mr. Teganya's motion to release him on conditions.

To lay the factual basis for Magistrate Judge Bowler's order of detention, the United States has filed with this brief the government's exhibits at the detention hearing, the transcript of the detention hearing, and some reports from witness interviews in 2018 that demonstrate that the evidence against Mr. Teganya has grown even stronger than it was when detention was first considered and ordered.

At bottom, the government's argument is this:  The grand jury found probable cause to believe that Mr. Teganya belonged to an anti-Tutsi political party in Rwanda and then participated in Rwanda's 1994 genocide.  Mr. Teganya then traveled from country to country, until he landed in Canada.  When Mr. Teganya learned that Canada would deny his request for asylum there, he fled to the United States.  He did not cross into the United States at a border inspection station or otherwise present himself to United States customs and immigration agents.  Detention H'g Tr. at 5:13-6:18.  Rather, he trudged through the woods "in a very remote part of Northern Maine," *id.* at 5:18-6:1, and came to the attention of United States customs and immigration agents only when

a citizen reported him to them, *id.* He sought asylum in the United States, but made false statements throughout the process.

The United States relies primarily on the arguments that it made in its 2017 *Memorandum in Support of Government's Detention Motion* [D. 15]. In summary, those arguments are as follows. First, Mr. Teganya entered the United States illegally and, except for his asylum application, has no status in the United States. Second, Mr. Teganya has already demonstrated that he will flee a jurisdiction in which he cannot obtain legal status. Third, Mr. Teganya moved from country to country before landing in the United States, which indicates a willingness to try his luck again elsewhere. Fourth, the evidence against Mr. Teganya is strong and the penalties give him significant incentive to flee. *See id.* at 2-4.

Two additional points strengthen the case for continued detention. First, although Mr. Teganya is correct that "an Immigration Judge previously determined that the posting of a $12,000 secured bond [was] sufficient to ensure his presence in that setting," *Defendant's Motion for Review of Detention Order by District Court Judge* [D. 64] at 3, this is not the whole story. The immigration judge's decision *was remanded back to him for further findings* when the Board of Immigration Appeals found the $12,000 bond order grounded by *insufficient analysis of his potential participation in genocide*. Detention H'g Tr. at 21:11-22:5; Detention H'g Ex. 8. Moreover, the criminal charges significantly raised the stakes for Mr. Teganya beyond the immigration consequences considered when the immigration judge ordered the bond.

Second, although the criminal case against Mr. Teganya was strong when the government moved to detain him, it has become only stronger. When the government wrote in favor of detention in 2017, its investigation had established that Mr. Teganya participated in the genocide at a minimum by helping to lead militias on a search for Tutsis and by helping to remove Tutsis

from the hospital to a location where they were killed.  *Memorandum in Support of Government's Detention Motion* [D. 15] at 3-4.  During its trip to Rwanda in 2018, however, at least one witness confirmed that Mr. Teganya was more active and violent:  he in fact directly killed Tutsis.  *See* Exhibit 10, Report of Investigation at 3-4 (June 4, 2018).  As the evidence against Mr. Teganya has strengthened, so has the reason for giving him a significant sentence and so has his incentive to flee.

The United States therefore moves the Court to deny Mr. Teganya's motion and instead to continue his pretrial detention because he is a severe risk of flight to avoid trial and punishment.

                      Respectfully submitted,

                      ANDREW E. LELLING
                      United States Attorney
                      District of Massachusetts


By:   */s/ Scott L. Garland*
       Scott L. Garland
       George Varghese
       Assistant U.S. Attorneys


## CERTIFICATE OF SERVICE

I hereby certify that these documents are being filed through the ECF system and therefore will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                    */s/ Scott L. Garland*
                    Scott L. Garland
                    Assistant U.S. Attorney



Date: December 10, 2018